UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PABLO GOMEZ VARGAS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondents.

No. 1:26-cv-04886-DJC-JDP

RELEASE ORDER

A# 240-500-141

Petitioner Pablo Gomez Vargas is an immigration detainee proceeding with a First Amended Petition for Writ of Habeas Corpus (ECF No. 6). The Court has previously addressed the legal issues raised in Count 6 of the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus. Respondents acknowledge that this is a case where the Court has traditionally granted relief. (ECF No. 10 at 1.) Respondents argue that "[t]his case is in the category of immigration

habeas cases for which the Court has typically ordered a bond hearing . . . ." (*Id.*) Respondents' argument for a bond hearing as opposed to release appears predicated on Petitioner's criminal history. But based on the evidence before the Court, Petitioner's sole criminal history is 2010 disorderly conduct charge. (*See* ECF No. 10at 5.) Given the age of this conviction, it alone is insufficient to justify only providing Petitioner with a post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 6) is GRANTED as to Count 6, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Pablo Gomez Vargas from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

////

////

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 6, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE